IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. LEVY,

        Plaintiff,                  No. 2:13-cv-982-JAM-EFB PS

    vs.

7-ELEVEN STORE,

        Defendant.             ORDER AND
                                    FINDINGS AND RECOMMENDATIONS
_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

       Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

////

1

1      Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

     Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

1  (3) be authorized by a federal statute that both regulates a specific subject matter and confers
2  federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
3  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
4  matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
5  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction
6  of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of
7  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
8  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

      Plaintiff's complaint appears to be alleging that one of defendant's female employees at defendant's store in Los Angeles, California "sexually harassed, bullied and falsely imprisoned her on May 13, 2013." Compl., Dckt. No. 1, at 1-2. Plaintiff alleges that the employee "sexually harassed her by calling her Sweetheart." *Id.* at 2. Plaintiff further alleges that the same female employee falsely imprisoned plaintiff by telling a male employee that plaintiff did not pay for some coffee and sending that male employee to stop plaintiff from leaving. *Id.* Plaintiff further contends that the female employee "retaliated because [plaintiff] rebuffed her sexual advances." *Id.* at 3. Plaintiff contends that the trauma she suffered when the female employee sexually harassed her and falsely imprisoned her "caused her to sustain neck injuries." *Id.*

      Additionally, plaintiff contends that another female employee from defendant's store in Sacramento "defamed, bullied and falsely imprisoned her in March 2013." *Id.* According to plaintiff, when she entered the Sacramento store with her sleeping bag and office depot box, defendant badgered her with questions by asking plaintiff where she lives, where she was going, and where she was sleeping. *Id.* Plaintiff contends that when she did not answer, defendant falsely imprisoned her by shutting the exit door for five minutes. *Id.*

      Plaintiff adds that "sexual harassment and false imprisonment are bullying," and that "some women have bullied [plaintiff] all her life for not aging." *Id.* She contends she has "suffered at least 50 wrongful terminations and 5000 refusals at the hands of women," and that

3

"she can no longer work outside her home because some women bully her whenever they see or hear her voice." *Id.* at 3-4. She adds that four women banned her from volunteering and stole her priceless possessions in 2011 and three other women kidnapped her child in 2003. *Id.* at 4.

According to plaintiff, "since then she began to promote the economy by suing corporations for acts of discrimination." *Id.* She claims that defendant discriminated against her in March 2013 and in May 2013, all in violation of the Civil Rights Act, 42 U.S.C. § 2000a and the Americans with Disabilities Act "based upon national origin and disability."[1] *Id.* at 4, 5.

Plaintiff believes "she should be commended for reporting Defendants to courts and promoting the economy" and she "deserves an accolade from federal courts." *Id.* at 4. As a result of her efforts, "[m]ore than two hundred defense attorneys have been hired." *Id.* Plaintiff seeks five million dollars, future medical treatment for her neck injuries, and punitive damages. *Id.* at 5.

The allegations in plaintiff's complaint fail to establish that this court has subject matter jurisdiction over plaintiff's claim(s). It is not clear how the facts alleged in the complaint would give rise to a federal claim. Plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964), but that claim fails because plaintiff has not alleged that she was denied full and equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."). Although plaintiff states in a conclusory manner that she was discriminated against on the basis of her national origin and

---

[1] Plaintiff contends she is Nigerian-American and that she "has a physical disability." *Id.* at 5. She asserts that she "has difficulty with basic skills such as recurring deafness, walking, driving, aging, and standing." *Id.*

disability, she has not alleged any facts that would demonstrate that such a claim is plausible on its face. *Twombly*, 550 U.S. at 570. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To the extent plaintiff purports to state a claim under the Americans with Disabilities Act ("ADA"), the claim fails because plaintiff does not sufficiently allege that she is disabled within the meaning of the ADA, and she does not allege any plausible connection between her purported disability (recurring deafness and difficulty with basic skills) and defendant's alleged conduct. *See* 42 U.S.C. § 12102(1) (The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment.). Moreover, the only remedy under Title III of the ADA, 42 U.S.C. § 12182, is injunctive relief.

Finally, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must be dismissed because plaintiff fails to allege that defendant was a state actor or was otherwise acting under color of law, she fails to identify the constitutional rights that defendant allegedly violated, and she fails to explain how defendant's actions resulted in the deprivation of any constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law).

Plaintiff contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but she does not establish the citizenship of either plaintiff or defendant. She says nothing about her own citizenship, and contends only that "defendant resides in Los Angeles and Sacramento while their corporate office is in Dallas, Texas and Japan" and "defendant operates in every city in America, including Sacramento." *Id.* at 5; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business") (emphasis added).

Finally, the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country. *See Ajuluchuku-Levy v. Schleifer*, 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States district courts reveals that as of the date of this Order, Plaintiff has commenced two hundred fifty-eight (258) actions in various district courts across the United States. Several district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without merit.") (quoting *Ajuluchuku v. Southern New England School of Law*, 2006 WL 2661232, at *3 (N.D. Ga. Sep. 14, 2006)). In light of plaintiff's frivolous allegations herein, as well as her history of filing frivolous actions containing many of the same allegations, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis, Dckt. No. 2, is granted.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE